UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVA A., <br>         Plaintiff, <br>     v. <br> NANCY A. BERRYHILL, <br> Acting Commissioner of Social Security, <br>         Defendant. | No. CV 18-2364 AGR <br><br> MEMORANDUM OPINION AND ORDER |

Plaintiff[1] filed this action on March 23, 2018. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 14, 18.) On November 9, 2018, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court affirms the decision of the Commissioner.

---

[1] Plaintiff's name has been partially redacted in compliance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

# I.

# PROCEDURAL BACKGROUND

Plaintiff filed applications for disability insurance benefits and supplemental security income in August 2014 and alleged an onset date of August 17, 2011. Administrative Record ("AR") 52. The applications were denied initially and upon reconsideration. AR 52, 112-13, 138-39. Plaintiff requested a hearing before an ALJ. On January 18, 2017, the ALJ conducted a hearing at which Plaintiff and a vocational expert testified. AR 69-87. On February 21, 2017, the ALJ issued a decision denying benefits. AR 49-59. On February 23, 2018, the Appeals Council denied the request for review. AR 1-6. This action followed.

# II.

# STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and quotation marks omitted).

## B. The ALJ's Findings

The ALJ found that Plaintiff met the insured status requirements through December 31, 2016. AR 54. Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[2] the ALJ found that Plaintiff had the medically determinable impairments of chronic fatigue syndrome, and anxiety and affective disorders. AR 55. At step two of the sequential analysis, the ALJ found that Plaintiff's impairments did not significantly limit her ability to perform basic work activities. AR 56-58.

## C. Step Two of the Sequential Analysis

At step two of the sequential analysis, the claimant bears the burden of demonstrating a severe, medically determinable impairment that meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). To satisfy the duration requirement, the severe impairment must have lasted or be expected to last for a continuous period of not less than 12 months. *Id.* at 140.

---

[2] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

> Your impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms.

20 C.F.R. § 404.1508; 20 C.F.R. § 416.908. "[T]he impairment must be one that 'significantly limits your physical or mental ability to do basic work activities.'"[3] *Yuckert*, 482 U.S. at 154 n.11 (quoting 20 C.F.R. § 404.1520(c)); *Smolen*, 80 F.3d at 1290 ("[A]n impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities.") (citation and quotation marks omitted).

"An impairment or combination of impairments may be found 'not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'" *Webb v. Barnhart*, 433 F.3d 683, 686-87 (9th Cir. 2005) (emphasis in original, citation omitted). Step two is "a *de minimis* screening device [used] to dispose of groundless claims" and the ALJ's finding must be "clearly established by medical evidence." *Id*. at 687 (citations and internal quotation marks omitted).

The ALJ noted that there were no inpatient or outpatient mental health treatment records. AR 55. In connection with her application for benefits, Plaintiff underwent a consultative psychiatric examination with Dr. Bridges on January 9, 2015. AR 337-42. Dr. Bridges found Plaintiff to be engaged and cooperative during the evaluation, and in

---

[3] The ability to do basic work activities includes "[p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling," "[c]apacities for seeing, hearing, and speaking," "[u]nderstanding, carrying out, and remembering simple instructions," "[u]se of judgment," "[r]esponding appropriately to supervision, co-workers, and usual work situations," and "[d]ealing with changes in a routine work setting." *Yuckert*, 482 U.S. at 168 n.6 (citation and internal quotation marks omitted); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).

4

no apparent distress. AR 337, 340. Her speech was normal, and her affect was appropriate and animated. Her mood was generally euthymic and congruent with her thought content. She was dysphoric, however, when describing her father, her employment termination, her financial concerns and her lack of employment. Her thought process was linear and goal directed. Her thought content had no evidence of auditory or visual hallucinations, delusions or illusions. She reported obsessive compulsive ideation about the world today, her health and personal life. However, there were no compulsive behaviors. About three months earlier, she had passive thoughts about not living. In terms of memory, she was able to remember 3/3 items immediately and after three minutes. She could perform serial 3's and serial 7's correctly, and reported being good at math. Her abstract thinking and fund of knowledge showed no deficit. AR 340. In terms of insight and judgment, she had common sense understandings and responded appropriately. AR 340-41.

Dr. Bridges diagnosed dysthymic disorder, anxiety disorder and adjustment disorder with mixed anxiety and depressed mood. Plaintiff's Global Assessment of Functioning ("GAF") score was 73.[4] AR 341. Plaintiff exhibited no difficulty interacting with Dr. Bridges or her staff, and maintained an even temperament. She had no difficulty maintaining social functioning, focus and attention, and had no difficulty with concentration, persistence or pace. She was intellectually and psychologically capable of performing activities of daily living, and her level of personal independence was adequate. She had no limitations performing simple and repetitive tasks, or detailed and complex tasks. She had no limitations performing work activities on a consistent basis without special supervision, or completing a normal workday or workweek due to

---

[4] A GAF of 73 indicates that symptoms "are transient and expectable reactions to psychosocial stressors (e.g., difficulty concentrating after family argument); no more than slight impairment in social, occupational, or school functioning (e.g., temporarily falling behind in schoolwork)." American Psychiatric Association, Diagnostic & Statistical Manual of Mental Disorders 34 (4th ed., text rev. 2000).

a mental condition. She had no limitations accepting instructions from supervisors, and interacting with coworkers and the public. She would have no difficulty being able to handle usual stresses, changes and demands of gainful employment. Dr. Bridges noted that exaggeration for financial gain and malingering could not be excluded. *Id.*

As for other medical records, Plaintiff presented with anxiety and shortness of breath on February 16, 2015. She was treated with Ativan and discharged feeling better. AR 351-52, 379-80. A therapist at the Saban Clinic followed up on March 3, 2015, but Plaintiff declined counseling and did not want a psychiatric referral. AR 391. Plaintiff went to the clinic for lab results on March 5, 2015 and requested that permanent disability paperwork be completed. The nurse practitioner noted that she was linear and stable with a flat affect. She declined to complete disability paperwork "as there is no evidence that she is unable to work in her current state." AR 393.

After the ALJ issued her decision, Plaintiff went to a psychiatrist, Dr. Domb. The parties agree that the Dr. Domb's psychiatric report, which was submitted to the Appeals Council, is part of the record to be considered by this court. Joint Stipulation at 8, 11; *Brewes v. Comm'r*, 682 F.3d 1157, 1162 (9th Cir. 2012) ("the administrative record includes evidence submitted to and considered by the Appeals Council" in denying a request for review). Plaintiff also requested that the transmittal to the Appeals Council be construed as a protective filing date for a new application "based on new evidence that may not relate back in time to the period adjudicated by [the] ALJ." AR 22. The Appeals Council concluded that Dr. Domb's report did not relate to the period at issue ending February 21, 2017. AR 2.

Dr. Domb first examined Plaintiff on March 22 and completed an evaluation on May 3, 2017. AR 26, 27. Dr. Domb opined that Plaintiff has no limitations in understanding, remembering and carrying out simple instructions; making simple or complex work-related decisions; interacting appropriately with supervisors, co-workers and the public; and sustaining an ordinary routine without special supervision. AR 24-

25. Plaintiff had a slight impairment in her ability to respond appropriately to changes in a routine work setting. AR 25. Plaintiff had a marked limitation in her ability to understand, remember and carry out detailed instructions; maintain attendance during a workday and workweek; and perform at a consistent pace without more than regular breaks in a workday. Interestingly, these marked limitations were the result of "physical exhaustion due to chronic fatigue (medical diagnosis)," not her psychiatric condition. AR 24-25. Dr. Domb performed no standardized testing. AR 28. Dr. Domb observed that Plaintiff is pleasant and demonstrates dysthymia (low mood) and restricted affect "at times." AR 28. Plaintiff had no perceptual disturbance, no impaired judgment, no delusions, no paranoia and no grossly disorganized behavior. She had episodes of anxiety. *Id.* Otherwise, Dr. Domb reported what Plaintiff said. AR 27-29.

Dr. Domb did not opine as to when Plaintiff's current symptoms began. Plaintiff argues that Dr. Domb's evaluation relates to the period on or before February 21, 2017 because Dr. Domb opines that Plaintiff's limitations are due to chronic fatigue, and Plaintiff was diagnosed with chronic fatigue syndrome during the relevant period. The existence of a diagnosis, however, is not the same as functional limitations indicating disability. "[T]he mere existence of an impairment is insufficient proof of a disability." *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993). Thus, while Plaintiff reported being diagnosed with chronic fatigue syndrome in 2009, her psychiatric evaluation indicated minimal if any symptoms upon evaluation in 2015. *See Leddy v. Berryhill*, 702 Fed. Appx. 647, 648 (9th Cir. 2017) (affirming ALJ's assessment at step two that record showed claimant's mental impairments did not cause significant functional limitations). The court cannot simply assume that Dr. Domb's assessed limitations apply to the period on or before February 21, 2017, particularly since Dr. Domb did not render such an opinion. Plaintiff has not shown error.[5]

---

[5] The court does expresses no view, and this Order is without prejudice, as to any issues that may be presented in the future based on Plaintiff's subsequent application for benefits under *Luna v. Astrue*, 623 F.3d 1032 (9th Cir. 2010).

7

## IV.
## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

DATED: January 15, 2019

                                             _____
                                             ALICIA G. ROSENBERG
                                             United States Magistrate Judge